UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                            Case No.  2:07-cv-368-FtM-29SPC

TRACT J20-37, 2.5 ACRES OF LAND, MORE OR LESS, IN COLLIER COUNTY, FLORIDA, EUGENE P. CREEN (DECEASED), ET AL.,

           Defendants.
_____

**OPINION AND ORDER**

This matter came before the Court on November 3, 2008, for a bench trial on the matter of just compensation in 11 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by FED. R. CIV. P. 71.1. No property owner or other claimant appeared at trial. The Court heard testimony from John R. Underwood, Jr., principal and owner of Appraisal and Acquisition Consultants, Inc. since 1983, who testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Starting in 1971, Mr. Underwood worked as a staff appraiser for a Savings & Loan Bank and was the Vice-President of appraisal for another Federal Savings and Loan until he started his own firm in 1983. Mr. Underwood received most of his training from the Society of Real Estate Appraisers and

the American Institute of Real Estate Appraisers.  Mr. Underwood has his MAI and SRA designations from the Appraisal Institute with continuing hours required to maintain the designations.

Mr. Underwood testified as to the common characteristics of the land as follows, after appraisal by helicopter:  (1) remote; (2) difficult to reach; (3) most are flooded part of the year; (4) similarly zoned with a "highest and best use" of passive recreational use; and (5) vacant with no improvements or structures on the land.

In the first 6 cases,[1] the government filed a Notice of *lis pendens* and no monies have been deposited in the Registry of the Court for estimated compensation.  For the last 5 cases,[2] the government took immediate possession of the property pursuant to a Declaration of Taking and an *ex parte* Order for delivery of possession creating a June 6, 2007 date of taking, and monies were deposited as estimated compensation.  In any cases where taxes were due and owing, the Court disbursed funds from the Registry of Courts to the Collier County Tax Collector.  Additionally, in two of the cases (2:07-cv-364 and 2:07-cv-365), pre-trial disbursements were made to various claimants leaving no sum on deposit.

---

[1] Cases 2:07-cv-346; 2:07-cv-348; 2:07-cv-349; 2:07-cv-350; 2:07-cv351; 2:07-cv-352.

[2] Cases 2:07-cv-364; 2:07-cv-365; 2:07-cv-366; 2:07-cv-367; 2:07-cv-368.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

Just compensation as to each improvement or tract of land is as follows:

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | JUST COMPENSATION DETERMINED |
|---|---|---|
| 07cv346 Tract J05-17 (5.0 acres) | lis pendens (no money on deposit) | $7,500.00 ($1,500/acre) |
| 07cv348 Tract J9-01 (10.0 acres) | lis pendens (no money on deposit) | $15,000.00 ($1,500/acre) |
| 07cv349 Tract J14-18 (2.5 acres) | lis pendens (no money on deposit) | $3,800.00 ($1,500/acre) |
| 07cv350 Tract J15-12 (2.5 acres) | lis pendens (no money on deposit) | $3,800.00 ($1,500/acre) |
| 07cv351 Tract J20-16 (2.5 acres) | lis pendens (no money on deposit) | $3,800.00 ($1,500/acre) |
| 07cv352 Tract J28-08 (5.0 acres) | lis pendens (no money on deposit) | $7,500.00 ($1,500/acre) |

| TRACT NO. (PROPERTY) | ESTIMATED COMPENSATION | MONIES DISBURSED (not including interest) | JUST COMPENSATION DETERMINED[3] |
|---|---|---|---|
| | | | |

---

[3]The Court notes that the ultimate just compensation determined at trial is *less than* the estimated compensation deposited and disbursed to claimants in Cases 2:07-cv-364 and 2:07-cv-365.

| | | | |
|---|---|---|---|
| 07cv364<br>Tract H11-11<br>(2.5 acres) | $6,250.00 | $6,250.00 (leaving no sum on deposit) | $3,800.00 ($1,500/acre) |
| 07cv365<br>Tract H25-18<br>(5.0 acres) | $12,500.00 | $12,500.00 (leaving no sum on deposit) | $7,500.00 ($1,500/acre) |
| 07cv366<br>Tract H27-43<br>(5.0 acres) | $12,500.00 | $00.00 (no disbursements) | $7,500.00 ($1,500/acre) |
| 07cv367<br>Tract J20-08<br>(2.5 acres) | $6,250.00 | $00.00 (no disbursements) | $3,800.00 ($1,500/acre) |
| 07cv368<br>Tract J20-37<br>(2.5 acres) | $6,250.00 | $00.00 (no disbursements) | $3,800.00 ($1,500/acre) |

It is further **ORDERED AND ADJUDGED**:

1.   The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaint in Condemnation.  As to the first 6 cases, the date of taking is the date of the deposit of just compensation into the Registry of the Court.  As to the last 5 cases, title in the land and improvements shall be vested in the United States of America by operation of law as of June 6, 2007.  The fair market value of the land and improvements on the land, as determined at trial, is set forth above.

2.   Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre**.  Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the

institution and prosecution of this action and taking of the subject properties.

    3. Plaintiff shall deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order for those cases that do not yet have monies deposited for just compensation, plus interest accrued at the rate established pursuant to 40 U.S.C. § 258 e-1 from the date of taking, until the date of the deposit; and for those cases valued higher at trial than the initial estimated compensation deposited. The just compensation includes the estimated compensation previously deposited by the Plaintiff and previously disbursed to claimants. Plaintiff shall otherwise notify the Court whether the estimated compensation previously deposited with the Registry in excess of the ultimate valuation, for those cases with no disbursements, is due to be returned to the government. In those cases where disbursements were made prior to the determination of just compensation, the government may seek reimbursement from the claimant directly. The Clerk shall administratively close all files pending the entry of final judgment.

    4. On the date of the deposit of the Just Compensation into the Registry of the Court for the first 6 cases, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion. For the last 5 cases, the Clerk shall enter Judgment immediately, notwithstanding outstanding

disbursements, as provided above and incorporating the contents of this Opinion and Order.

5.  The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6.  The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation.  Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a zero balance so that the case may be closed.

7.  In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2008.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

```
Copies:
John F. Rudy, III
Kyle Scott Cohen
United States Attorney's Office

E. Glen Tucker, Counsel of Record
Collier County Tax Collector

Parties of record

DCCD
Intake
Finance
```